

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00093-CR

_____


IN RE:   JAMIE LEE BLEDSOE


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jamie Lee Bledsoe has filed with this Court a "Motion in Advice," which we interpret as a petition for mandamus relief. Bledsoe asks this Court to order the 71st Judicial District Court of Harrison County, Texas, to acknowledge the filing of Bledsoe's motion for judgment nunc pro tunc and to provide Bledsoe with a file-marked copy of this motion.

The proceedings giving rise to this petition begin with Bledsoe's filing a petition for writ of mandamus, asking this Court to order the trial court to grant his previously filed motion for judgment nunc pro tunc, in order to correctly credit Bledsoe with actual time served for which no credit was given. This Court's opinion issued on April 8, 2011, denying Bledsoe's petition for the reason that Bledsoe failed to furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a). Specifically, Bledsoe failed to furnish this Court with evidence that the motion for judgment nunc pro tunc was filed in the trial court, together with documentation verifying the dates and events (short of a copy of an indictment for burglary of a habitation) alleged to be the basis of Bledsoe's time credit claim.

Bledsoe filed a second motion for judgment nunc pro tunc on May 2, 2011. This Court has been furnished with a file-marked copy of that motion by the clerk of the trial court. Bledsoe's request for a file-marked copy of his motion for judgment nunc pro tunc was made in order that he would then be in a position to ultimately provide this Court with a file-marked copy

2

of that motion. Because that purpose has been accomplished, Bledsoe has received the relief requested in his petition.[1]

Accordingly, we dismiss Bledsoe's petition for writ of mandamus as moot.


Bailey C. Moseley
Justice

Date Submitted:      May 17, 2011
Date Decided:        May 18, 2011

Do Not Publish

---

[1]Because it has become apparent that there will be no ruling on Bledsoe's motion for judgment nunc pro tunc in the absence of a submitted order, Bledsoe would be well served to submit an order to the clerk of the trial court and to the trial court, seeking a ruling on his motion for judgment nunc pro tunc, together with a specific request to the trial court seeking a ruling on the motion. We do not condone the practice of refusing to rule on petitioner's motion in the absence of a submitted order, especially in view of the fact that Bledsoe is incarcerated.